Joseph Mohr OSB # 053274
Mohr Intellectual Property Law Solutions, P.C.
522 SW 5th Avenue, Suite 1390
Portland, OR 97204
Phone: 503.336.1214
Fax: 866.387.6875
Email: joey@mohriplaw.com

M. Bradley Blommer OSB # 105499
Law Office of M. Bradley Blommer, LLC
522 SW 5th Avenue, Suite 1390
Portland, OR 97204
Phone: 503.972.1590
Fax: 888.817.4658
Email: brad@blommerlaw.com

Attorneys for Plaintiff Allied Advertising, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ALLIED ADVERTISING, INC., an Oregon corporation, Plaintiff, | Civil Action No: 3:14-cv-01401 |
| v. | |
| PORTLAND AUTOMOTIVE MANAGEMENT, INC., an Oregon corporation, d/b/a BROADWAY TOYOTA, Defendant | PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT, FRAUDULENT MISREPRESENTATION and CONVERSION |
| | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Allied Advertising, Inc., by and through its counsel, Mohr Intellectual Property Law Solutions, P.C., and the Law Office of M. Bradley Blommer, LLC, and for its Complaint and Jury Demand, states as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages from Defendant, Portland Automotive Management, Inc., d/b/a Broadway Toyota, for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*), for fraudulent misrepresentation, and for conversion.

2.      This Court has jurisdiction under 18 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338 (a).

3.       This Court has personal jurisdiction over Defendant and venue in this District is proper under 28 U.S.C. § 1391 (b) and 28 U.S.C. §1400 (a) because Defendant resides in this District and the infringement and the theft occurred in this District.

### PARTIES

4.      Plaintiff, Allied Advertising, Inc., (hereinafter "AAI" or "Plaintiff"), is a corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon, located at 4021 Crater Lake Avenue, Suite 102, Medford, Oregon, 97504.

5.      Upon information and belief, Portland Automotive Management, Inc., d/b/a

Broadway Toyota (hereinafter "Broadway Toyota" or "Defendant"), is a corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon, located at 55 NE Broadway, Portland, Oregon, 97232.

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates by reference and reasserts all allegations and assertions made in the preceding paragraphs 1-5 as if fully stated herein.

7.    AAI provides valuable marketing services, materials, and creative work for some of the nation's largest auto dealerships.

8.    AAI's primary asset is the company's intellectual property, including, but not limited to promotional plans, advertisements, marketing materials, and list-procurement strategies.

9.    On April 11, 2013, a man who introduced himself as "Vince Gillam" called AAI, claiming to be the Sales Manager for Dick Hannah Volkswagen, a well-respected dealership in the community with which AAI had hoped to do business. **(See Exhibit A, affidavit of Terry Baker, AAI's General Sales Manager, which details the communications with Mr. Gillam and the confidential and proprietary material stolen by him.)**

10.    Mr. Gillam said he was referred to AAI by McCords Vancouver Toyota and that he was interested in hiring AAI to do promotional work for Dick Hannah Volkswagen.

11.     Mr. Gillam asked for confidential and proprietary information for AAI's promotions and list-procurement strategy.

12.     Mr. Gillam specifically requested a copy of the McCords Vancouver Toyota promotion, written by AAI, and a dealer in-take form to "hire" AAI for said promotions. AAI had also sold the promotion to Beaverton Toyota, a local dealership.

13.     Mr. Gillam indicated that he wanted to show his manager the above-mentioned documents to "finalize" the deal.

14.     Plaintiff provided the confidential and proprietary information Mr. Gillam requested.  The information and material provided included, without limitation, the following: a)   A document detailing AAI's list-creation strategy; b)   A document outlining AAI's written-copy strategy; c)   A copy of McCords Vancouver Toyota promotion strategy, written by AAI; d)  A document outlining AAI's market management procedures for long-term sales growth; e)  A document with information specific to Dick Hannah Volkswagon's promotion.

15.     When Mr. Gillam obtained AAI's confidential and proprietary information, he immediately stopped all correspondence with AAI and never responded to the follow-up letters sent on April 11, 15, and 18, 2013.

16.     Therefore, on April 23, 2013, Terry Baker ("Mr. Baker"), General Sales Manager for AAI, called the number provided by Mr. Gillam; it was fake — there was no voicemail or valid contact information.

17.     Mr. Baker called Dick Hannah Volkswagen to ask about Mr. Gillam; the dealership indicated that *no person by the name of "Vince Gillam" had ever been employed at Dick Hannah Volkswagen.*

18.     Mr. Baker did a web search for "Vince Gillam."  The search confirmed *Mr. Gillam did not work for Dick Hannah Volkswagen*; however, he was an employee of *Broadway Toyota*.

19.     On April 23, 2013, Mr. Baker called Broadway Toyota and asked for Mr. Gillam, who answered the phone. Mr. Gillam paused. . . and eventually admitted that he misrepresented his identity and employment status, and his intent to hire AAI, with the goal of acquiring and using AAI's promotional materials without having to pay for them.

20.     Mr. Gillam apologized and indicated that he was "made to do it" by his manager; he attempted to rectify the situation by claiming that his "real" dealership, Broadway Toyota, "may" do business with AAI sometime in the future.

21.     Shortly after Mr. Gillam contacted AAI; misrepresented his employment status and intent to hire AAI; and received the stolen promotion, Defendant printed a promotion *identical* to the McCords Vancouver Toyota promotion written and copyrighted by AAI. **(Compare AAI's copyrighted promotion used by AAI's client Beaverton Toyota shown in Exhibit B with Broadway Toyota's infringing work shown in Exhibit C).**

22.     Defendant sent the stolen promotion to *thousands* of potential customers.

23.     By and through its attorney, Plaintiff sent Defendant a Cease and Desist Letter on

January 17, 2014, accompanied by a copy of AAI's copyrighted work, Broadway Toyota's infringing work, and the relevant copyright registration number. **(See Exhibit E, the Cease and Desist letter sent to Broadway Toyota).**

24.    Defendant, by and through its attorney, rejected Plaintiff's numerous attempts to explore an amicable resolution and settlement to no avail. Plaintiff was left with no option but to file suit to recover damages.

## COUNT I

### Copyright Infringement

25.    Plaintiff incorporates by reference and reasserts all allegations and assertions made in the preceding paragraphs 1-24 as if fully stated herein.

26.    Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under the US Copyright Act, 17 U.S.C. § 501, with respect to certain copyrighted promotions, including, but not limited to, the copyrighted letter identified in **Exhibits A and B**, which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyright as identified in **Exhibit C**.

27.    Among the rights granted to Plaintiff under the US Copyright Act is the *exclusive* right to reproduce and distribute the copyrighted promotion to the public.

28.    Upon information and belief, Defendant, without permission or consent of Plaintiff, has, through misrepresentation, obtained the copyrighted promotion material

and distributed the copyrighted promotion to the public — thereby unlawfully collecting profits from the same.

29.     Defendant violated Plaintiff's exclusive right to reproduce and distribute the copyrighted promotion under federal law (17 U.S.C. § 505).

30.     Defendant's foregoing acts of infringement have been willful and intentional, thus, executed by Defendant with disregard to Plaintiff's rights.

31.     As result of Defendant's infringement, Plaintiff is entitled to actual damages and profits attributable to said infringement, per 17 U.S.C. § 504(b), or to statutory damages per 17 U.S.C. § 504(c), whichever form of damages Plaintiff elects.

32.     In establishing actual damages, Plaintiff is required to present proof of only the infringer's gross revenue; the infringer is required to prove his or her deductible expenses and the elements of the profit attributable to factors other than the copyrighted work, per 17 U.S.C. § 504 (b).

33.     Plaintiff is entitled to reasonable attorneys' fees and costs, per 17 U.S.C. § 505.

34.     Plaintiff is entitled to statutory damages in an amount up to $150,000, within the Court's discretion, per 17 U.S.C. § 504(c)(2) because Defendant's infringement was willful and made in bad faith.

## COUNT II

## Common Law Fraudulent Misrepresentation

35.    Plaintiff incorporates by reference and reasserts all allegations and assertions made in the preceding paragraphs 1-35 as if fully stated herein.

36.    Defendant made material misrepresentations that were false, including, but not limited to, his true identity, his employment status with Dick Hannah Volkswagen, and his intent to hire and pay for Plaintiff's services.

37.    Defendant did so knowing that the misrepresentations were false.

38.    Defendant intended Plaintiff to rely on the misrepresentations to advance the objectives of Defendant, which were to steal valuable, copyrighted, confidential, and proprietary information and works from Plaintiff.

39.    Plaintiff justifiably relied on the misrepresentations.

40.    Plaintiff was damaged as a natural and proximate result of that reliance.

## COUNT III

## Common Law Conversion

41.    Plaintiff incorporates by reference and reasserts all allegations and assertions made in the preceding paragraphs 1-40 as if fully stated herein.

50.    Plaintiff is the owner of a copyrighted promotion involving the sale of automobiles.

PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT,
FRAUDULENT MISREPRESENTATION and CONVERSION                    8 of 11

51.    Defendant has wrongfully misappropriated and converted to its own use this copyrighted promotion.

52.    As a result of Defendant's conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    A declaration and/or judgment from this Court that:

    a.    Defendant has infringed Plaintiff's exclusive rights with respect to Plaintiff's copyrighted promotion in violation of federal copyright law;

    b.    Defendant, through its employee, made fraudulent misrepresentations to Plaintiff; and

    c.    The conduct of Defendant was intentional, willful and/or malicious;

2.    An order and judgment permanently enjoining Defendant and its officers, directors, agents servants, employees, affiliates, attorneys, parents, subsidiaries, divisions, successors and assigns and all others acting in privity or in concert from showing, selling, marketing, distributing or discussing Plaintiff's copyrighted promotion;

3.    Damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, including without limitation lost profits and costs, statutory damages, as well as pre-judgment and post-judgment interest at the maximum rate authorized by law;

4.      Punitive damages for Defendant's fraudulent conduct or as otherwise provided by law;

5.      Costs of the suit and reasonable attorney fees as provided by law;

6.      Restitutionary relief against Defendant and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

7.      Any other remedy relief this Court deems just and proper.

DATED:  August 22, 2014

Respectfully Submitted,

Mohr Intellectual Property Solutions, P.C.
Law Office of M. Bradley Blommer, LLC


_/J. Mohr/_____
Joseph Mohr OSB # 053274
Attorney for Plaintiff
522 SW 5th Ave, Suite #1390
Portland, Oregon, 97204
(877) 897-5414


_/MBB/_____
M. Bradley Blommer OSB#105499
Attorney for Plaintiff
522 SW 5th Ave, Suite #1390
Portland, Oregon, 97204
503-972-1590

## LIST OF EXHIBITS

**EXHIBIT A:  Affidavit of Terry Baker, AAI's General Sales Manager**

**EXHIBIT B:  AAI Copyright Material (McCords Vancouver Toyota promotion)**

**EXHIBIT C:  Broadway Toyota's Infringing Work**

**EXHIBIT D:  Copyright Registration Number**

**EXHIBIT E:  January 17, 2014 Cease and Desist Demand**